Antonio **MESSER,** Appellant,

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, ex rel.: Esther D. PETERSEN, Appellee.**

No. CIV.APP.2001–119.

District Court, Virgin Islands, Appellate Division, D. St. Croix.

May 15, 2002.

Allan A. Christian, St. Croix, VI, for Appellant.

Robert W. Bornholt, Assistant Attorney General, Department of Justice, St. Thomas, VI, for Appellee.

Before: THOMAS K. MOORE, Judge of the District Court of the Virgin Islands; STANLEY S. BROTMAN, Senior Judge of the U.S. District Court for the District of New Jersey, sitting by designation; and ISHMAEL A. MEYERS, Judge of the Territorial Court, Division of St. Thomas, sitting by designation.

## MEMORANDUM OPINION

PER CURIAM.

Antonio Messer ["Messer" or "appellant"] appeals from the Territorial Court's order finding him in contempt of a child support order issued by the Paternity and Child Support Division of the Virgin Islands Department of Justice. Messer challenges both the order finding him in contempt and the underlying child support order, arguing that (1) the support order was illegally modified to include retroactive child support payments and (2) the trial judge improperly calculated the amount in which he was in arrears. Because Messer did not timely appeal the underlying child support order, this Court is without jurisdiction to consider his challenge to that order. With respect to Messer's appeal of the trial judge's contempt determination, nothing in the record suggests that the trial judge abused her discretion in finding him in contempt. Accordingly, this Court will affirm the trial judge's order finding Messer in contempt.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 6, 1984, Esther Petersen ["Petersen"] gave birth to a son, Sergil Donnelly ["minor child"]. In 1986, Petersen filed a petition with the Paternity and Child Support Division of the Virgin Islands Department of Justice ["PCSD"] alleging that Messer was the father of her son. Subsequently, in June 1986, the parties submitted to a human leukocyte antigen ["HLA"] blood test to determine paternity for the minor child. The results of the blood test indicated that Messer was not the minor child's father, (app. at 16–18), and on July 15, 1986, the PCSD dismissed the paternity claim against Messer, (id. at 19).

In September 1997, more than ten years later, Petersen filed a petition against Messer for paternity and child support in the Territorial Court, case Family Number S235/1997. Petersen requested that deoxyribonucleic acid ["DNA"] testing be conducted to determine whether Messer was the biological father of the minor child. (*Id.* at 4–6.) Messer moved to dismiss the petition, arguing, *inter alia,* that (1) the trial court lacked jurisdiction under V.I. CODE ANN. tit. 5, § 31 and (2) Petersen was barred from bringing the suit under the doctrine of laches and collateral estoppel. (*Id.* at 7–9.) The trial court originally granted the motion to dismiss, but set aside the dismissal upon Petersen's motion to do so.

The trial court ordered Petersen, Messer, and the minor child to undergo DNA testing. (*Id.* at 10.) The DNA test conclusively established that Messer was the father of the minor child. Accordingly, the judge granted Petersen's unopposed motion for summary judgment, brought on her behalf by the Government of the Virgin Islands ["government" or "appellant"], and held that Messer be declared the biological father of the minor child. (*Id.* at 11.)

On December 9, 1999, an administrative hearing officer of the PCSD ordered Messer to pay Petersen child support in the amount of two hundred dollars ($200.00) per month, effective as of April 9, 1999. (*Id.* at 2–3.) Over a year later, on April 5, 2001, the administrative hearing officer amended the original support order and required Messer to pay child support in the amount of two hundred dollars ($200.00) a month retroactively, effective July 1, 1986. (*Id.* at 12.) Appellant's counsel, Allan A. Christian, has provided us with nothing from the record to explain how the amended order came about.

The government filed a motion to show cause, alleging that Messer was in arrears on his child support payments. On May 4, 2001, the parties appeared before the court for a hearing on the matter. The judge concluded that Messer was in contempt of the administrative hearing officer's original support order, dated December 9, 1999. In addition, she concluded that, with respect to the amended support order, dated April 5, 2001, he was in arrears in the amount of thirty-five thousand six hundred dollars ($35,600.00). On May 5, 2001, the trial judge ordered Messer to pay (1) five thousand dollars ($5,000.00) by May 18, 2001, and (2) three hundred dollars ($300.00) per month child support (two hundred dollars ($200.00) current support and one hundred dollars ($100.00) towards arrears). (*Id.* at 13–16.) Messer timely filed a notice of appeal from the May 5, 2001 order. (Appellant's Brief at 17.)

## II. DISCUSSION

On appeal, Messer argues that the April 5, 2001 child support order was illegally modified by the administrative hearing officer to include retroactive child support payments. In addition, Messer claims that, at the April 30, 2001 hearing, The judge did not consider any evidence or testimony relevant to the issue of support from the minor child's date of birth to the date of the December 9, 1999 support order. He asserts, therefore, that the trial judge erred in finding him in arrears in the amount of thirty-five thousand six hundred dollars ($35,600.00). Messer also asserts that the amended support order, dated April 5, 2001, along with the court's May 4, 2001, order finding Messer in contempt, constitute illegal retroactive modifications of the original December 9, 1999 support order. The government responds that the merits of the PCSD's orders are not before this Court because Messer should have, but did not, timely seek judi-

cial relief from the administrative hearing officer's decisions.

This Court has jurisdiction over all judgments and orders arising out of domestic relations cases. 4 V.I.C. § 33 (1997 & 2001 supp.). A trial court's finding of contempt of court is reviewed for abuse of discretion. *Government of the Virgin Islands v. Greenidge*, 41 V.I. 200, 211 (D.V.I.App.Div.1998). The trial judge's findings of fact are reviewed for clear error. *Id.* This Court's review of the law is plenary. *Id.* at 211–12.

Although Messer has timely appealed the trial judge's order finding him in contempt of the modified support order, he seeks to include for review the validity of the underlying modified support order dated April 5, 2001, which he failed to timely challenge. A child support order issued by an administrative hearing officer has the same force and effect as an order issued by the Territorial Court. 16 V.I.C. § 354(b). An appeal of such an order may be taken to a judge of the Family Division of the Territorial Court within twenty days of the entry of the order. *Id.* Messer, however, never appealed the amended support order to the trial court. Instead, he attempts to bring it in through the "back door" for the first time in this Court. The validity of the support order is not before this Court. Accordingly, this Court lacks jurisdiction to consider Messer's claim that the administrative hearing officer wrongly amended the original support order.[1]

With respect to the judge's contempt determination, a trial judge may find civil contempt when

[a]ny person who wilfully violates, neglects or refuses to observe or perform

any lawful order of a court shall be guilty of contempt of court and upon being found guilty of such contempt may be punished as provided by law.

4 V.I.C. § 244. Upon a finding of contempt, a trial judge "may punish for contempt in the cases and in the manner provided by law." *Id.* § 282. Messer has not provided this Court with any evidence that brings Judge Steele's finding of contempt into question. The sole item before this Court is the trial judge's opinion finding Messer in arrears on his child support and requiring him to make payments. Because nothing in the record indicates that Judge Steele abused her discretion in making this determination, we will affirm the trial judge's order.

## III. CONCLUSION

Messer challenges the validity of the April 5, 2001, support order of the PCSD requiring him to pay retroactive child support payments. Because this administrative order is not properly before this Court on appeal, the Court is without jurisdiction to consider his claims, and may only consider the trial judge's order finding appellant in contempt. Because the record indicates that Judge Steele acted within her discretion in finding Messer in contempt, we will affirm the order.

## ORDER

For the reasons set forth in the accompanying memorandum of even date, it is hereby

**ORDERED** that the Territorial Court's order finding Antonio Messer in contempt

---

1. Our scope of appellate review is limited solely to the contempt determination, and we cannot consider the merits of his claim. Although we acknowledge that this result may be harsh, it is directly the result of the failure of Messer and his attorney, Allan A. Christian, to appeal the amended child support order to the Territorial Court, as permitted under 16 V.I.C. § 354(b).

for failure to comply with a child support order is **AFFIRMED.**