

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-23-2003

# Petersen v. Messer

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2548

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Petersen v. Messer" (2003). *2003 Decisions.* Paper 446.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/446

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 02-2548

GOVERNMENT OF THE VIRGIN ISLANDS,
EX REL. ESTHER D. PETERSEN

v.

ANTONIO MESSER,
Appellant

On Appeal from the United States District Court for the Virgin Islands
(Civil No. 01-CV-00119)
District Court Judges: Hon. Thomas K. Moore, Hon. Stanley S. Brotman, <u>District Judges</u>,
and Hon. Ishmael A. Meyers, <u>Territorial Judge</u>

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 29, 2003

Before: ROTH, McKEE, <u>Circuit Judges</u>, and COWEN, <u>Senior Circuit Judge</u>

(Filed: June 23, 2003)

<u>OPINION OF THE COURT</u>

PER CURIAM.

Antonio Messer appeals the district court's determination that it lacked jurisdiction

to consider his challenge to the validity of a child support order.  We will affirm the

decision of the district court.

Inasmuch as the district court has already set forth the factual and procedural history

of this case, we need not repeat that history here.  *See Messer v. Gov't of V.I. ex rel.*

*Petersen*, 203 F.Supp. 2d 399 (D. V.I. 2002).  The district court correctly noted that

Messer failed to timely challenge the validity of the administrative officer's April 5, 2001 modified support order. However, 16 V.I.C. §354 required him to appeal that officer's decision "to a Family Division judge of the Territorial Court within 20 days of the entry of the order." 16 V.I.C. §354(b). Instead, he attempted to challenge the validity of the order for the first time before the district court. His failure to follow the procedural prerequisites of §354 resulted in a waiver of his right to dispute the hearing officer's decision to retroactively amend the support order. *See Fleck v. KDI Sylvan Pools, Inc.*, 981 F.2d 107, 116 (3d Cir. 1992) (noting that "[i]t is axiomatic that a party who fails to object to errors or to raise issues at trial waives the right to complain on appeal").[1] Moreover, Messer can not now complain about this result because it is the result of his failure to appeal the amended child support order to the Territorial Court as required by Virgin Islands law. We will therefore affirm the decision of the district court.

---

[1] Although *Fleck* did not involve Virgin Island law, it supports the generally prevailing principal that a party who fails to appeal an order thereby waives any objection to it, other than those based upon jurisdiction..